JOSEPHINE P. WALDRON, ADMINISTRATRIX, AND EDWIN
WALKER, ADMINISTRATOR,

v.

CHARLES E. ALEXANDER.

*Administration—Services Rendered at Request of Deceased—Claim for.*

This court declines to interfere with a judgment for the plaintiff, upon a claim filed against the estate of a deceased person, the same being based upon services rendered in the care of a third person at the latter's request and upon his promise to pay therefor.

[Opinion filed February 12, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Mr. A. J. EDDY, for appellants.

Messrs. CRATTY BROS. & ASHCRAFT, for appellee.

GARNETT, J.   This is an appeal from a judgment in appellee's favor on a claim presented by him against the estate of his brother, Elijah S. Alexander. The Probate Court allowed the claim for $1,792. From that order the claimant appealed to the Circuit Court, where the cause was tried by the court without a jury, and judgment rendered for $2,400. From the undisputed evidence in the case it appears that in 1884, Henry Alexander, a brother of appellee and of Elijah S., was seriously ill at his father's house in Brattleboro, Vermont; that Elijah, then being on a visit to his parents, induced appellee to abandon a business enterprise he had in view, for the purpose of remaining at home and taking care of Henry, Elijah promising to pay him for his services and for all expenses incurred by him. His instructions to Charles were to give Henry every comfort, to do everything that could possibly be done for him, and he would pay all expenses. After an illness lasting 410 days, during which Henry was entirely helpless, confined to his bed, and in constant need of

Waldron v. Alexander.

attendance, he died, in August, 1885.    At the request of Elijah, and on his promise of payment, the expenses of the funeral, and the last payment on the burial lot, were paid by Charles.    During the 410 days and nights of illness, Charles was either personally at his brother's bedside, or procured the attendance of nurses and watchers.    He also employed physicians, and paid all the bills for medical attendance, nursing and medicine.

There is no reason to doubt that appellee did pay those items as well as the funeral expenses, and $300 on the burial lot, making a total of $1,596.10.    Interest added to that amount, from the death of Henry, to the date of the judgment in the Circuit Court is $364.42, leaving only $439.48 out of the $2,400, as compensation to Charles.    It is not denied that Charles paid to others $639.50 for nursing and help for his brother.    That is all he claimed on that account, and it is not contended that the amount so paid was unreasonably large.    In the $639.50 is included the wages of a servant in the house, whose help was necessary to enable other members of the family to assist in ministering to Henry's necessities.    The evidence is, that the services of a professional nurse were worth $2 per day and $2 per night, so that such services were worth $1,640.    Deducting from that amount the $639.50 actually paid for nursing and help, and we have $1,000.50 left, which is the least sum that should have been allowed appellee for his own time and labor, if he was entitled to as much as a professional nurse.    The witnesses testified that he was faithful in his attendance on Henry at all times, when there was no nurse at the house, and there is no proof to the contrary.

But we have seen the court only allowed him, by the most liberal calculation, the sum of $439.48 as compensation for his own services.    In view of this fact the incompetent evidence, which placed the value of Charles' services at $1,500 to $2,000, manifestly had no weight with the court, and its reception was harmless error.

We think the judgment was without material error and it is affirmed.

*Judgment affirmed.*